DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADI COHEN,**
Appellant,

v.

**US BANK TRUST, N.A.,** as Trustee for LSF11 Master Participation Trust,
et al.,
Appellees.

No. 4D20-392

[June 2, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. CACE18-010559.

Kenneth Eric Trent, Fort Lauderdale, and Richard G. Chosid of Law Offices of Richard G. Chosid, Fort Lauderdale, for appellant.

Shaib Y. Rios of Brock & Scott, PLLC, Fort Lauderdale, for appellee US Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust.

PER CURIAM.

In this residential mortgage foreclosure case, the borrower appeals from the circuit court's final summary judgment in the bank's favor, and from the circuit court's order denying the borrower's motion for rehearing. The borrower argues the circuit court erred in entering the final summary judgment because material issues of fact existed regarding whether the bank proved a prior servicer had mailed a default notice to the borrower as a condition precedent to suit.

We agree with the borrower's argument and reverse. Our decision in *Ghani v. Deutsche Bank National Trust Co.*, 287 So. 3d 637 (Fla. 4th DCA 2020), is directly on point. Like the bank in *Ghani*, here the bank's only evidence that the prior servicer had mailed the default notice was an affidavit executed by its successor servicer's employee, whose affidavit did not at least facially demonstrate that the employee had sufficient personal knowledge of the prior servicer's practices of mailing default notices to establish that the prior servicer had mailed the default notice. Thus,

factual questions remain regarding the bank's compliance with the condition precedent of having mailed a default notice.

Accordingly, we reverse the circuit court's final summary judgment, and remand for further proceedings.

*Reversed and remanded for further proceedings.*

GROSS, GERBER and KLINGENSMITH, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**